UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Allen Black, #10671536011220,<br><br>                    Plaintiff,<br><br>vs.<br><br>John F. Marano, IV,<br><br>                    Defendant. | ) C/A No. 4:17-3265-TMC-TER<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil action filed by a pretrial detainee, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff sues a Pendelton Police officer in his individual capacity. Plaintiff marked "n/a" on all basis for jursidction questions. (ECF No. 1 at 3-4). Plaintiff asserts his claims arose on

September 19, 2017. (ECF No. 1 at 5). Plaintiff alleges he was assaulted with a metal broom stick and sprayed with bleach by two persons who are not named as defendants. (ECF No. 1 at 5). Plaintiff then alleges Defendant Marano reported to the scene. Defendant Marano allegedly denied medical aid and treatment before and after Plaintiff was taken into custody. Defendant Marano allegedly completed an incident report which falsely indicated Plaintiff had no injuries. (ECF No. 1 at 5-6). Plaintiff also alleges Defendant Marano omitted Plaintiff's phone and radio from the property report. (ECF No. 1 at 6). Injuries sustained were blurred vision, loss of taste/smell, and disfigurement of Plaintiff's left shoulder. Plaintiff alleges Marano failed to report to the Detention Center the injuries from the assault. (ECF No. 1 at 6).

Further, Plaintiff's request for relief indicates he requests monetary damages for each day he was "falsely detained on the illegal written warrants per the First and Fifth Amendment." (ECF No. 1 at 6). Plaintiff requests monetary damages for unreasonable seizure, deprivation of liberty, and deprivation of property of his radio and phone. (ECF No. 1 at 6).

Public records[1] reflect that Plaintiff was arrested on September 19, 2017 for assault; it is unclear whether it was pursuant to a warrant as Plaintiff alleges. That charge is pending. On October 10, 2017, Plaintiff pled guilty to the following: a different assault charge from arrest date September 8, 2017, a breach of peace charge from arrest date June 6, 2017, and a breach of peace

---

[1] *See generally*, http://publicindex.sccourts.org/anderson/publicindex/(with search parameters limited by Plaintiff's name). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

charge from arrest date May 31, 2017. From Anderson County Detention records, Plaintiff is still listed as in custody.

While details are scarce on Plaintiff's alleged medical deliberate indifference claim, Plaintiff's allegations surpass initial review and by separate order, the court authorizes service of Defendant on this claim.[2]

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff sues the officer who arrested him. Some of Plaintiff's allegations would fall under separate claims for false arrest and for malicious prosecution because Plaintiff appears to allege that he was both falsely detained on written warrants and that those warrants were illegal.

Under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998)(internal citations omitted). The Fourth Circuit reiterated that "a false arrest claim must fail where it is made pursuant to a facially valid warrant." *Dorn v. Town of Prosperity*, 375 Fed. Appx. 284, 286 (4th Cir. 2010) (internal quotations and citations omitted). Based on Plaintiff's allegations, he was arrested pursuant to a facially valid warrant, any false arrest claims must be dismissed.

---

[2] Pretrial detainee's § 1983 actions are evaluated under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Plaintiff's rights under the Fourteenth Amendment are at least as great as Eighth Amendment protections available to prisoners. *Martin*, 849 F.2d at 870. Of note, though, "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty Dept. of Soc. Servs*, 489 U.S. 189, 196 (1989). An exception arises, however, when the state itself creates the danger. *Pinder v. Johnson*, 54 F.3d 1169, 1177 (4th Cir. 1995) (en banc). The Fourteenth Amendment requires public officials to provide medical care to pretrial detainees who are injured in the course of arrest. *Martin*, 849 F.2d at 870-71. All of the facts regarding how Plaintiff received all of his injuries are not clear, and such factual analysis does not lend itself well to this stage of the proceedings.

A claim that one is wrongfully detained because his arrest was made pursuant to a warrant that was not supported by probable cause, is a claim for malicious prosecution. *See Porterfield*, 156 F.3d at 568; *see also Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). Plaintiff here alleges there was no evidence to support the warrant. To state a malicious prosecution claim, Plaintiff must show at least, that "defendant[s] have seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor." *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)(internal citations and quotations omitted). The U.S. Supreme Court provided in *Heck v. Humphrey*, 512 U.S. 477 (1994) that until a conviction was set aside or charges finally dismissed without the possibility of revival, a § 1983 claim could not be pursued based on allegations of unlawful circumstances surrounding the criminal prosecution. *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). Under the favorable termination rule, the charges must be terminated "for reasons indicative of the innocence;" courts have held that an unexplained *nolle prosequi* or disposal of charges for reasons other than innocence do not satisfy the *Heck* "favorable termination" requirement. Restatement(Second) of Torts § 660 (1977); *see also Tucker v. Duncan*, 499 F.2d 963, 965 (4th Cir. 1974); *Wilkins v. DeReyes*, 528 F.3d 790, 802-03 (10th Cir. 2008); *Washington v. Summerville*, 127 F.3d 552, 558-59 (7th Cir. 1997); *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 418 (2nd Cir. 1999); *Jackson v. Gable*, 2006 WL 1487047, at *6 (D.S.C. May 25, 2006); *Nicholas v. Wal–Mart Stores, Inc.*, 33 Fed. Appx. 61, 64–65 (4th Cir.. 2002). While *Wallace* held that *Heck* no longer bars claims of false arrest by pretrial detainees, *Heck* is still applicable to claims of malicious prosecution. *Wallace*, 549 U.S. at 387 n.1, 390 n.2. Plaintiff has not shown that the charges connected to his allegations have been favorably

terminated in accordance with the above law. As such, his claims for malicious prosecution must be dismissed.

Further, Plaintiff also alleges a deprivation of property claim for his radio and phone. The Fourth Circuit Court of Appeals has held that there is no § 1983 relief available if state law provides a plaintiff with a viable remedy for the loss of personal property, even if the deprivation of property was caused by a state employee, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986).[3] Here, South Carolina law provides a remedy encompassing loss of property proximately caused by an employee of the state, a state agency, or a political subdivision of the state while acting in the scope of his or her employment. *See* S.C. Code Ann. § 15-78-10 *et seq.* State courts are available for property claims and the state process is constitutionally adequate. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008). Therefore, Plaintiff fails to state a claim for violation of his constitutional rights based on the alleged deprivation of his property.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court partially summarily dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993). Plaintiff's claim regarding deliberate indifference to medical care is recommended to proceed. As noted above, it is recommended that the claims of false arrest, malicious prosecution, and deprivation of property be summarily dismissed. In a separately docketed order, the court has

---

[3] *Yates* has been partially superannuated in cases where plaintiffs allege deprivations of intangible interests. *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990). However, its holding is still binding in cases that involve deprivations of personal property.

authorized the issuance and service of process on the Defendant solely on the claim of deliberate indifference to medical care.

December 13, 2017
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).