UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DAVID ALLEN BLACK, | ) | Civil Action No.: 4:17-cv-3265-TMC-TER |
| Plaintiff, | ) | |
| -vs- | ) | **REPORT AND RECOMMENDATION** |
| JOHN F. MARANO, IV, | ) | |
| Defendant. | ) | |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. Presently before the court is Defendant's Motion for Summary Judgment (ECF No. 29). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in dismissal of his Complaint. Plaintiff has not filed a response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

## II. RULE 41(b) DISMISSAL

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link

v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Plaintiff has failed to prosecute this case. All mail sent to Plaintiff from the Court since this case was filed has been returned as undeliverable, including the Order (ECF No. 6) authorizing service of process and directing Plaintiff to always keep the Clerk of Court advised of any address changes. The Order warned Plaintiff that "if as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order**." Because of Plaintiff's failure to update the court with his current address, he has failed to respond to the present

Motion for Summary Judgment. Although Plaintiff never received the Order directing him to notify the court of any change of address, the undersigned can only conclude based on his failure to do so or to otherwise correspond with this court since he filed his complaint on December 1, 2017, that Plaintiff has abandoned his claims against Defendants. No other conclusion is reasonable.

## III. CONCLUSION

For the reasons discussed above, it is recommended that this case be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b).

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 13, 2018
Florence, South Carolina

**The parties are directed to the important information on the following page.**